**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CAITLIN MOHLER | : | |
| Plaintiff, | : | Case No: 2:26-cv-01124 |
| | : | Chief Judge Sarah D. Morrison |
| v. | : | Magistrate Judge Kimberly A. Jolson |
| OHIO UNIVERSITY, | : | |
| Defendant. | : | |

## ANSWER OF DEFENDANT OHIO UNIVERSITY

Now comes Defendant Ohio University, by and through counsel, and respectfully answers Plaintiff's First Amended Complaint ("Complaint") against it as follows:

1. As a preliminary statement, Paragraph 1 of the Complaint does not call for an answer and Ohio University denies the allegations contained therein for want of information or knowledge. Ohio University denies liability and denies that Plaintiff is entitled to the relief sought or to any relief whatsoever.

2. Paragraph 2 of the Complaint does not call for an answer, and Ohio University denies the allegations contained therein for want of information or knowledge.

3. Ohio University admits this Court has jurisdiction over the claims brought in this case.

4. Paragraph 4 of the Complaint does not call for an answer, and Ohio University denies the allegations contained therein.

5. Paragraph 5 of the Complaint does not call for an answer, and Ohio University denies the allegations contained therein.

6. Paragraph 6 of the Complaint does not call for an answer, and Ohio University denies the allegations contained therein.

7. Ohio University admits that venue is proper.

8. Ohio University admits the allegations contained in Paragraph 8.

9. Ohio University admits the allegations contained in Paragraph 9.

10. Ohio University admits the allegations contained in Paragraph 10.

11. Ohio University denies the allegations contained in Paragraph 11 for want of information or knowledge.

12. Ohio University denies the allegations contained in Paragraph 12 for want of information or knowledge.

13. Ohio University denies the allegations contained in Paragraph 13 for want of information or knowledge.

14. Ohio University denies the allegations contained in Paragraph 14 for want of information or knowledge.

15. Ohio University admits Plaintiff attended the WOUB Gospel regional screening, went to the Casa Nueva restaurant in Athens with Mark Brewer, Deb Brewer and Cheri Russo, and denies the remaining allegations contained in Paragraph 15.

16. Ohio University denies the allegations contained in Paragraph 16 for want of information or knowledge.

17. Ohio University denies the allegations contained in Paragraph 17 for want of information or knowledge.

18. Ohio University denies the allegations contained in Paragraph 18 for want of information or knowledge.

19. Ohio University denies the allegations contained in Paragraph 19 for want of information or knowledge.

20. Ohio University admits that Mark Brewer and Plaintiff worked on a media archival project and that Plaintiff left her car at Hugh White Honda, but Ohio University denies the remaining allegations contained in Paragraph 20 for want of information or knowledge.

21. Ohio University admits that Mark Brewer drove Plaintiff and himself to Kentucky and denies the remaining allegations contained in Paragraph 21 for want of information or knowledge.

22. Ohio University denies the allegations contained in Paragraph 22 for want of information or knowledge.

23. Ohio University denies the allegations contained in Paragraph 23 for want of information or knowledge.

24. Ohio University denies the allegations contained in Paragraph 24 for want of information or knowledge.

25. Ohio University admits that Plaintiff worked remotely, but denies the remaining allegations contained in Paragraph 25 for want of information or knowledge.

26. Ohio University denies the allegations contained in Paragraph 26 for want of information or knowledge.

27. Ohio University admits that Plaintiff attended the PBS Annual meeting in Atlanta in May, 2025.

28. Ohio University denies the allegations contained in Paragraph 28 for want of information or knowledge.

29. Ohio University denies the allegations contained in Paragraph 29 for want of information or knowledge.

30. Ohio University denies the allegations contained in Paragraph 30 for want of information or knowledge.

31. Ohio University denies the allegations contained in Paragraph 31 for want of information or knowledge.

32. Ohio University denies the allegations contained in Paragraph 32 for want of information or knowledge.

33. Ohio University denies the allegations contained in Paragraph 33 for want of information or knowledge.

34. Ohio University denies the allegations contained in Paragraph 34 for want of information or knowledge.

35. Ohio University denies the allegations contained in Paragraph 35 for want of information or knowledge.

36. Ohio University denies the allegations contained in Paragraph 36 for want of information or knowledge.

37. Ohio University denies the allegations contained in Paragraph 37 for want of information or knowledge.

38. Ohio University denies the allegations contained in Paragraph 38 for want of information or knowledge.

39. Ohio University denies the allegations contained in Paragraph 39 for want of information or knowledge.

40. Ohio University denies the allegations contained in Paragraph 40 for want of information or knowledge.

41. Ohio University denies the allegations contained in Paragraph 41 for want of information or knowledge.

42. Ohio University denies the allegations contained in Paragraph 42 for want of information or knowledge.

43. Ohio University denies the allegations contained in Paragraph 43 for want of information or knowledge.

44. Ohio University admits that Kayla Romine made a report to Ohio University's Office of Civil Rights Compliance ("CRC") on June 2, 2025, but denies the remainder of allegations contained in Paragraph 44 for want of information or knowledge.

45. Ohio University avers that the incident report speaks for itself and denies the remainder of the allegations contained in Paragraph 45 for want of information or knowledge.

46. Ohio University admits that CRC employees were notified of the report from Kayla Romine and confirmed notification, but denies the remaining allegations in Paragraph 46.

47. Ohio University admits that Human Resources Liaison Rich Schmaltz was notified of the report filed by Kayla Romine and confirmed notification on June 4, 2025, with a copy routed to Karen Petko, but denies the remaining allegations in Paragraph 47.

48. The allegation lacks any temporal reference, and Ohio University denies there was initially a "complaint" because Plaintiff declined the opportunity to initiate one until she filed a formal complaint on September 24, 2025. Ohio University denies the remainder of the allegations contained in Paragraph 48 for want of information or knowledge.

49. Ohio University denies there was initially a "complaint" because Plaintiff declined the opportunity to initiate one until she filed a formal complaint on September 24, 2025. Ohio University admits that AD Petko met with Plaintiff on June 5, 2025, discussed the sexual misconduct process with her, offered her supportive measures, explained how to file a formal complaint, and contacted Plaintiff several times over the summer to ask if things were okay at work and to reiterate that she was welcome to file a complaint.

50. Ohio University denies that it "chose not to investigate the complaint" or that "the matter was closed" because Plaintiff declined the opportunity to file a complaint at any time prior to September 24, 2025. Further answering, Ohio University denies for want of information or knowledge that Plaintiff was surprised and admits it did not contact Mr. Brewer until Plaintiff decided to file a formal complaint against him in September, 2025.

51. The allegations in Paragraph 51 are conclusory legal allegations, and Ohio University denies a hostile environment existed and denies the allegations contained in Paragraph 51 for want of information or knowledge.

52. Ohio University denies the allegations contained in Paragraph 52 for want of information or knowledge.

53. Ohio University denies the allegations contained in Paragraph 53 for want of information or knowledge.

54. The allegation lacks any temporal reference, and Ohio University denies the allegations contained in Paragraph 54 for want of information or knowledge.

55. Ohio University admits Mark Brewer sent Plaintiff an email on September 23, 2025, which email speaks for itself, and Ohio University denies the remaining allegations contained in Paragraph 55 for want of information or knowledge.

56. Ohio University denies the allegations contained in Paragraph 56 for want of information or knowledge.

57. Ohio University denies the allegations contained in Paragraph 57 for want of information or knowledge.

58. Ohio University denies the allegations contained in Paragraph 58 for want of information or knowledge.

59. Ohio University denies the allegations contained in Paragraph 59 for want of information or knowledge.

60. Ohio University denies the allegations contained in Paragraph 60 for want of information or knowledge.

61. Ohio University denies the allegations contained in Paragraph 61 for want of information or knowledge.

62. Ohio University denies the allegations contained in Paragraph 62 for want of information or knowledge.

63. Ohio University denies the allegations contained in Paragraph 63 for want of information or knowledge.

64. Upon information and belief, Ohio University admits Plaintiff asked Kayla Romine to "come here", but denies the remaining allegations contained in Paragraph 64 for want of information or knowledge.

65. Ohio University denies the allegations contained in Paragraph 65 for want of information or knowledge.

66. Ohio University denies the allegations contained in Paragraph 66 for want of information or knowledge.

67. Ohio University admits that two officers from the Ohio University Police Department responded to a call to WOUB and met with Plaintiff. Ohio University denies a criminal report or complaint was taken or filed and avers that the responding officers documented the call for service.

68. Ohio University denies that the responding officers took a criminal report or complaint but admits the police documented Plaintiff's call for service. Further answering, Ohio University admits the responding officers did not follow-up with Mr. Brewer and avers that the responding officers determined that no crime had been committed and further police investigation was unnecessary. Ohio University denies the remaining allegations contained in Paragraph 68.

69. Ohio University admits that Plaintiff filed a formal complaint with CRC on September 24, 2025.

70. Ohio University admits the allegations contained in Paragraph 70 of the Complaint.

71. Ohio University admits the allegations contained in Paragraph 71 of the Complaint.

72. Ohio University admits that Karen Petko issued a communication to Mark Brewer, which is a document that speaks for itself, but denies the remaining allegations contained in Paragraph 72. Further answering, Ohio University states that Mr. Brewer accidentally dialed Plaintiff's number, immediately reported that fact to Ohio University, and Plaintiff was so informed.

73. Ohio University admits the allegations contained in Paragraph 73 of the Complaint.

74. Ohio University denies that Mrs. Brewer committed unlawful retaliation and denies the remaining allegations contained in Paragraph 74.

75. Ohio University admits that Plaintiff filed a complaint regarding Deborah Brewer, admits that AD Petko informed Plaintiff that Mrs. Brewer had no ability or authority to restrict

Plaintiff's activities, and that the complaint was dismissed as no unlawful retaliation was determined to have occurred.

76. Ohio University admits that Ohio University conducted an investigation into the allegations made by Plaintiff against Mr. Brewer.

77. Ohio University admits the allegations contained in Paragraph 77.

78. Ohio University admits the allegations contained in Paragraph 78.

79. Ohio University denies it failed to take prompt and effective remedial action, denies Plaintiff was subjected to a hostile environment and denies the remaining allegations contained in Paragraph 79 for want of information or knowledge.

80. Ohio University admits that its Police Department determined there was no evidence of a crime and thus, apart from documenting Plaintiff's call for service, took no further action. Ohio University denies the remaining allegations contained in Paragraph 80.

81. Ohio University denies the allegations contained in Paragraph 81 for want of information or knowledge.

82. As its answer to Paragraph 82, Ohio University restates and incorporates its answers to the preceding paragraphs as if fully rewritten herein.

83. Ohio University denies the allegations contained in Paragraph 83.

84. As its answer to Paragraph 84, Ohio University restates and incorporates its answers to the preceding paragraphs as if fully rewritten herein.

85. Ohio University denies the allegations contained in Paragraph 85.

86. Ohio University denies each and every allegation of the Complaint not expressly admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

### SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD DEFENSE

Ohio University exercised reasonable care to prevent and promptly correct any alleged discriminatory or harassing behavior on the part of Ohio University employees.

### FOURTH DEFENSE

Plaintiff failed to reasonably take advantage of Ohio University's policies to prevent unlawful discrimination, including sexual harassment.

### FIFTH DEFENSE

Ohio University acted in good faith, in accordance with law, without malice and not in contravention of any clearly established right of Plaintiff.

### SIXTH DEFENSE

Plaintiff has failed to act reasonably to mitigate her damages.

### SEVENTH DEFENSE

Damages suffered by Plaintiff were proximately caused by Plaintiff's actions and not by any act or failure to act by Ohio University.

### EIGHTH DEFENSE

Ohio University complied with applicable law, including but not limited to Title IX of the Education Amendments of 1972 and Title VII of the 1964 Civil Rights Act, and Ohio University's entirety of actions met its obligations under Title VII of the 1964 Civil Rights Act.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, accord and satisfaction, unclean hands and/or laches.

**TENTH DEFENSE**

Subject to a reasonable opportunity to conduct discovery, some or all of Plaintiff's claims and/or damages may be barred by the doctrine of after-acquired evidence.

**ELEVENTH DEFENSE**

Ohio University did not discriminate or engage in any unlawful conduct against Plaintiff at any time, and all of Ohio University's actions were reasonable, made in good faith, and based solely on legitimate, non-discriminatory, and non-pretextual reasons.

**TWELFTH DEFENSE**

The applicable statute of limitations may bar some or all of the claims in Plaintiff's Complaint.

**THIRTEENTH DEFENSE**

Subject to a reasonable opportunity to conduct discovery, Plaintiff has failed to timely and/or properly exhaust her administrative remedies and/or failed to comply with those administrative prerequisites necessary to bring suit under Title VII, 42 U.S.C. § 2000(e), et seq.

Ohio University expressly reserves the right to supplement this Answer and defenses raised herein as discovery proceeds.

Respectfully submitted,

*/s/ David S. Kessler*
DAVID S. KESSLER (0041982)
STEPHEN P. POSTALAKIS (0063240)
Haynes Kessler Myers & Postalakis

300 W. Wilson Bridge Road, Suite 100
Worthington, OH 43085
(614) 764-0681
(614) 764-0774 (fax)
david@ohiolawyersgroup.com
steve@ohiolawyersgroup.com
Counsel for Defendant Ohio University

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on November 16, 2026, the foregoing Answer of Defendant Ohio University was electronically filed with the Clerk of Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties and counsel indicated on the electronic filing receipt.

*/s/ David S. Kessler*
David S. Kessler (0041982)
Counsel for Defendant Ohio University